**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MELVIN LEE,<br><br>      Plaintiff,<br><br>  v.<br><br>CORRECTIONS CORPORATION OF AMERICA/CORRECTIONAL TREATMENT FACILITY<br><br>      Defendants. | Civil Action No. 1:14-cv-00772-ESH |

## **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Corrections Corporation of America ("CCA") files this Answer to Plaintiff's First Amended Complaint and admits, denies, and alleges as follows.

Defendant CCA denies each and every allegation of Plaintiff's Amended Complaint which is not specifically admitted, denied, or otherwise pled to.

### **NATURE OF THE ACTION**

1. In answering paragraph 1 of Plaintiff's First Amended Complaint, Defendant CCA admits that it owns and operates the Correctional Treatment Facility (CTF). Defendant CCA is without sufficient information to form a belief as to the truth of Plaintiff's allegation that he is a disabled individual and therefore denies the same. Defendant CCA admits that Plaintiff was transferred to housing unit D, a general population unit, on May 16, 2011 and that housing unit D contains stairs. Defendant CCA denies the remaining allegations in paragraph 1 of Plaintiff's First Amended Complaint.

2. In answering paragraph 2 of Plaintiff's First Amended Complaint, Defendant CCA denies that CCA/CTF employees were negligent or violated any laws. The remaining

allegations in this paragraph are legal conclusions to which no answer is required. To the extent that an answer is required to the remaining allegations, Defendant CCA denies the same.

**COUNT I – NEGLIGENCE**

1. In answering paragraph 1 of Count I of Plaintiff's First Amended Complaint, Defendant CCA denies the allegations contained therein.

2. In answering paragraph 2 of Count I of Plaintiff's First Amended Complaint, Defendant CCA, Defendant CCA admits that it owns and operates CTF and that Plaintiff was an inmate at CTF during the timeframe alleged in his Complaint. Defendant CCA is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same

3. In answering paragraph 3 of Count I of Plaintiff's First Amended Complaint, Defendant CCA denies that the U.S. District Court for the District of Maryland in Greenbelt issued a medical alert to CTF to detain Plaintiff in its medical unit. Defendant CCA denies that Plaintiff was required to remain in the medical unit. Defendant CCA admits that the medical units at CTF do not contain stairs. Defendant CCA is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

4. In answering paragraph 4 of Count I of Plaintiff's First Amended Complaint, Defendant CCA admits that housing unit D is a general population housing unit and contains stairs. Defendant CCA admits that Plaintiff was transferred to housing unit D on May 16, 2011. Defendant CCA denies the remaining allegations in this paragraph.

5. In answering paragraph 5 of Count I of Plaintiff's First Amended Complaint, Defendant CCA admits that Plaintiff's cell was on the bottom tier of housing unit D. Defendant CCA denies the remaining allegation in this paragraph.

6. In answering paragraph 6 of Count I of Plaintiff's First Amended Complaint, Defendant CCA is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

**COUNT II – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

Pursuant to the Court's Order dated August 1, 2014 (Doc. 16), Count II of Plaintiff's First Amended Complaint has been dismissed for failure to state a claim. Therefore, no answer to this count is required, and none is given.

**COUNT III – VIOLATIONS OF THE REHABILITATION ACT**

Pursuant to the Court's Order dated August 1, 2014 (Doc. 16), Count III of Plaintiff's First Amended Complaint has been dismissed for failure to state a claim. Therefore, no answer to this count is required, and none is given.

**COUNT IV – VIOLATION OF THE ARCHITECTURAL BARRIERS ACT**

Plaintiff has voluntarily dismissed with prejudice Count IV of his First Amended Complaint. *See* Doc. 12. Therefore, no answer to this count is required, and none is given.

**COUNT V – VIOLATIONS OF THE D.C. HUMAN RIGHTS ACT**

Plaintiff has voluntarily dismissed with prejudice Count V of his First Amended Complaint. *See* Doc. 12. Therefore, no answer to this count is required, and none is given.

**COUNT VI – VIOLATIONS OF THE EIGHTH AMENDMENT**

Plaintiff has voluntarily dismissed with prejudice Count VI of his First Amended Complaint. *See* Doc. 12. Therefore, no answer to this count is required, and none is given.

**PRAYER FOR RELIEF**

Defendant CCA denies that Plaintiff is entitled to any of the relief he seeks.

**AFFIRMATIVE DEFENSES**

1. As a separate defense, or in the alternative, Defendant CCA alleges that Plaintiff has failed to state a claim upon which relief can be granted.

2. As a separate defense, or in the alternative, Defendant CCA alleges that Plaintiff's injuries and/or damages, if any, resulted from the sole and/or concurrent negligence of other individuals over whom Defendant CCA had no control.

3. As a separate defense, or in the alternative, Defendant CCA alleges that Plaintiff's losses and damages, if any, resulted from the intentional, negligent, or supervening acts of others.

4. As a separate defense, or in the alternative, Defendant CCA alleges that any alleged action or inaction on their part was not the proximate cause of Plaintiff's injuries, losses, and/or damages.

5. As a separate defense, or in the alternative, Defendant CCA alleges that at all times, Defendant CCA and its employees acted within the applicable standard of care.

6. As a separate defense, or in the alternative, Defendant CCA alleges that Plaintiff is solely and/or comparatively at fault for the injuries and damages alleged, thereby reducing or eliminating damages owed by Defendant CCA.

7. As a separate defense, or in the alternative, Defendant CCA alleges that Plaintiff's alleged damages and injuries may be the result of pre-existing injuries and/or medical conditions unrelated to those alleged to have occurred in the subject incident for which Plaintiff may already have recovered, thereby reducing or eliminating damages owed by Defendant CCA.

8. Although Defendant CCA does not presently have facts in support of the following defenses, Defendant CCA wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses

set forth in Rules 8(c) and 12(b), FED. R. CIV. P., including but not limited to, failure to join an indispensable party, arbitration and award, assumption of risk, contributory negligence, fraud, payment, release, *res judicata*, and waiver.

Dated: August 15, 2014

By:   /s/ Anne M. Orcutt
Daniel P. Struck, Bar No. CO0037
Anne M. Orcutt, Bar No. OK0011
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Facsimile: (480) 420-1699

Mariana D. Bravo, Bar No. 473809
Matthew Berkowitz, Bar No. 974170
CARR MALONEY, P.C.
2000 L Street, NW, Suite 450
Washington, DC  20036
Telephone: (202) 310-5500
Facsimile: (202) 310-5555

Attorneys for Defendant Corrections Corporation of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. I certify that all participants in the case who are registered CM/ECF users as listed below will be served by the CM/ECF system:

Keith W. Watters, Esq.
KEITH WATTERS & ASSOCIATES
1667 K Street, N.W.
Washington, D.C.  20006

Attorney for Plaintiff Lee

   /s/ Anne M. Orcutt

2938124.1